IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ALISON MANN,** | ) | CASE NO. 2:25-CV-1419 |
| | ) | |
| Plaintiff, | ) | JUDGE EDMUND A. SARGUS |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE CHELSEY M. VASCURA |
| | ) | |
| **NATIONWIDE MUTUAL INSURANCE COMPANY**, *et al.* | ) ) | |

### DEFENDANTS BRITTANY MANITAKOS AND ANDREW BOUGHEY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Brittany Manitakos ("Manitakos") and Andrew Boughey ("Boughey") (collectively "Defendants") hereby move to dismiss the Complaint filed by Plaintiff Alison Mann ("Plaintiff" or "Mann") pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, and, in the alternative, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff's Complaint should be dismissed because this Court lacks original federal jurisdiction under 29 U.S.C. § 1132(e)(l) or 28 U.S.C. § 1331. This dispute concerns the post-distribution ownership of ERISA plan proceeds and turns entirely on state-law inheritance issues that are the subject of an ongoing proceeding in the Probate Division of the Franklin County Court of Common Pleas. A memorandum in support of this Motion is attached hereto and incorporated by reference.

25448197v3

Respectfully submitted,

*/s/ Sommer L. Sheely* _____
Sommer L. Sheely (0076071)
Griffen H. Hess (0104833)
BRICKER GRAYDON WYATT LLP
100 S. Third Street
Columbus, Ohio 43215
Telephone: (614) 227-2300
Facsimile: (614) 227-2390
Email: ssheely@bricker.com
ghess@bricker.com

*Counsel for Defendants Brittany Manitakos and Andrew Boughey*

## MEMORANDUM IN SUPPORT

### I.  INTRODUCTION

This is not an ERISA case and therefore does not need to be in federal court. Indeed, while Plaintiff Alison Mann filed this suit in federal court, no basis for federal jurisdiction exists. Plaintiff fails to establish original federal jurisdiction or any other viable ground for declaratory relief. And, as Plaintiff herself acknowledges, there is already an ongoing case in the Probate Division of the Franklin County Common Pleas Court addressing the same underlying dispute. Compl. ¶ 20.

If this Court were to retain jurisdiction, it would be required to decide whether Plaintiff must relinquish ERISA plan proceeds that have already been distributed, based on allegations that retaining those proceeds violate the intent of decedent. The core issues represent a state-law probate dispute and adjudication by this Court would violate the "probate exception" to federal subject-matter jurisdiction. Further, the Court would be forced to accord relief on the basis of ERISA plan administrator duties that are no longer relevant.

Accordingly, the Court should dismiss the Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### II.  STATEMENT OF FACTS

The probate nature of Mann's Complaint is apparent from the outset. This dispute arises from the death of Eugene Tierney ("Decedent"). Compl. ¶ 1. Decedent was married to Cynthia Tierney until her 2022 death and had two children: Gwyn Boughey and Alison Mann.

During his lifetime, Decedent worked at Nationwide Mutual Insurance Company and accumulated assets in a 401(k) Plan. Compl. ¶ 1. As the Complaint notes, the 401(k) Plan was a defined contribution plan that was "established and maintained by Nationwide for the purpose of providing retirement benefits to its employees." Compl. ¶ 11. It is undisputed that the 401(k) Plan proceeds have already been distributed and that Plaintiff currently holds those proceeds. Compl. ¶¶ 19-20.

### III. LAW & ARGUMENT

#### A. This Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Claims.

Plaintiff erroneously contends that this Court has subject-matter jurisdiction under 29 U.S.C. § 1132(e)(l) and 28 U.S.C. § 1331. Compl. ¶ 6. Neither of these statutes provides a basis for jurisdiction under the circumstances alleged in the Complaint.

##### *1. Legal Standard for Rule 12(b)(1) Motion*

Rule 12(b)(1) motions come in two forms: (1) a facial attack on subject matter jurisdiction; and (2) a factual attack on subject matter jurisdiction. *See Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (*citing Ohio Nat'l Life Ins. Co. v. U.S.*, 922 F.2 320, 325 (6th Cir. 1990)). Under a factual attack, "the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist. In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Id.* (internal citations omitted). On a Rule 12(b)(1) motion, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (*citing Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir.1986)); *see also Cartwright v. Garner*, 751 F.3d 752, 760

4

(6th Cir. 2014) ("Plaintiff bears the burden of establishing that subject matter jurisdiction exists.").

### *2. There Is No Federal Subject-Matter Jurisdiction Over This Post-Distribution Dispute.*

Under 29 U.S.C. § 1132(e)(l), federal courts have exclusive jurisdiction over civil actions brought by a "participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title" unless the action falls within the scope of § 1132(a)(l)(b). Plaintiff invokes 29 U.S.C. § 1132(a)(l)(b), which authorizes a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

This statute does not confer jurisdiction in the instant case. It is undisputed that the 401(k) Plan proceeds have already been distributed and that Plaintiff currently holds those funds. Compl. ¶¶ 19-20. Plaintiff does not seek to recover benefits from the plan, challenge a benefits determination, enforce plan terms, or clarify rights to future benefits under a plan. Thus, there is no ERISA-governed plan administration at issue.

Instead, Plaintiff seeks a determination concerning the ownership and disposition of funds *after* the proceeds have left the ERISA plan. Such a dispute arises under state probate law and cannot be adjudicated by the federal courts. This conclusion is reinforced by the probate exception to federal jurisdiction, which "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes the federal court from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 307 (2006). Courts have applied this exception to dismiss ERISA-based declaratory actions where the dispute

concerns post-distribution ownership of benefits. *See Clemens v. Music*, No. 2:18-CV-639, 2018 WL 5808777, at *1 (S.D. Ohio Nov. 6, 2018).

In *Clemens v. Music*, this Court addressed an identical dispute that it dismissed for lack of subject-matter jurisdiction. There, the plaintiff sought declaratory judgment concerning life insurance proceeds distributed under an ERISA-governed plan. *Clemens* at 2. After the insurer paid the named beneficiary, a dispute arose regarding whether the proceeds should instead pass to the estate under state survivorship law. *Id.* The court held that because the funds had already been distributed and probate proceedings were ongoing, the action fell outside ERISA and within the probate exception. *Id.* at 6. Both circumstances are present here.

Other courts within the Sixth Circuit have reached the same conclusion. In *In re Estate of Boss ex. rel Golightly v. Boss*, the Western District of Kentucky held that 29 U.S.C. § 1132(a)(l)(b) did not confer jurisdiction where an estate sought recovery of pension funds after distribution to the named beneficiary. *Estate of Boss ex rel. Golightly v. Boss*, No. 5:10-CV-190, 2011 WL 482874, at *1 (W.D. Ky. Feb. 4, 2011). The court emphasized that the dispute concerned the entitlement to funds after distribution, not rights under the plan itself and remanded the case to state court for lack of federal subject-matter jurisdiction. *Id.* at *1, *4. This distinction relating to the post-distribution funds is recognized by other district courts within the Sixth Circuit. *See e.g., Couch v. Reinhold*, No. 4:06-CV-146, 2008 WL 659513, at *6 (W.D. Mich. March 6, 2008); *Brown v. Estate of Edwin E. Sanger*, 511 F. Supp. 2d 850, at *853 (E.D. Mich. 2007); *Francis v. Donovan*, 2006 WL 481672 (E.D. Mich. 2006).

Here, like in *Clemens*, Plaintiff does not allege that the plan administrator erred, that benefits were improperly paid under the plan, or that Plaintiff is entitled to relief under the plan's terms. Rather, Plaintiff asks this Court to adjudicate a post-distribution inheritance dispute that is already pending in state probate court. Because Plaintiff cannot meet her burden of proving that subject-matter jurisdiction exists, the Complaint must be dismissed. *See Lewis v. Whirlpool Corp.*, 630 F.3d 484, 490 (6th Cir. 2011) (affirming district court's dismissal for lack of subject-matter jurisdiction).

### C. Plaintiff Fails To State a Claim Upon Which Relief Can Be Granted.

Because Plaintiff seeks relief outside the scope of ERISA, this Court should dismiss the Complaint under Rule 12(b)(6). There is no available statutory relief over distributed funds, as confirmed by this Court's disposition of *Clemens*.

#### *1. Legal Standard for Rule 12(b)(6) Motion*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party can move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss, a complaint must comply with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Rule 8(a)(2)). It must include sufficient facts to state a claim that is plausible on its face and not speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The pleadings and affidavits are to be considered in a light most favorable to the plaintiff. *McCarthy v. Krupp Moving & Storage II, LLC*, No. 1:24-CV-79, 2024 WL

3413255, at *1 (S.D. Ohio July 15, 2024). The court "does not weigh the controverting assertions of the party seeking dismissal." *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991). In determining whether a complaint sets forth a plausible claim, a court may consider both the allegations and "other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Wyser-Pratee Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005).

### *2. Plaintiff's Claim Should Be Dismissed Under Rule 12(b)(6).*

While Plaintiff styles her request for declaratory relief as a determination that she was the "proper payee of the 401(k) Plan," the relief sought by Plaintiff exceeds any finding concerning plan administration. *See* Compl. ¶ 27. Plaintiff asks the Court to determine that Defendants are not proper recipients of the 401(k) Plan proceeds and, by extension, to adjudicate ownership and disposition of funds after they have already been distributed.

The requested remedy is not available under ERISA and would invade the province of the probate court. Critically, there is no live dispute concerning the plan documents, the beneficiary designation, or the plan administrator's distribution decision. The only dispute concerns the disposition of post-distribution assets, which is an issue outside ERISA and within the jurisdiction of the state probate court. As Plaintiff acknowledges, the statutory provision invoked, 29 U.S.C. § 1132(a)(l)(b), governs only actions "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Compl. ¶ 24. Plaintiff seeks none of these remedies. Further, the administrator of the 401(k) Plan has already distributed the proceeds and extinguished its obligations pursuant to the plan. Compl. ¶ 19.

In addition to subject-matter jurisdiction, the *Clemens* Court granted the motion to dismiss the ERISA declaratory judgement action on the grounds that plaintiff failed to state a claim upon which relief could be granted. *Clemens* at 7. Specifically, the court outlined the limits on the statutory relief and held that the absence of any "present or future right to the life insurance proceeds to clarify." *Id.* Sixth Circuit precedent confirms the principle that the federal courts will not operate as a vehicle to limit state probate post-distribution actions.

In *Central States, Southeast & Southwest Areas Pension Fund v. Howell*, the Sixth Circuit addressed an ERISA preemption challenge to state law claims directed at ERISA plan proceeds. 227 F.3d 672 (6th Cir. 2000). There, the court recognized that there may be state law causes of action challenging a plan beneficiary's right to *retain* ERISA plan proceeds. Specifically, the court stated: "It is clear that the law of this Circuit requires the ERISA plan administrator to pay out plan proceeds in accordance with the ERISA plan documents. However, there is no precedent binding on this Court on the issue of whether, once the beneficiary is determined, ERISA preempts all causes of action and possible remedies based upon state law that may be traced to ERISA proceeds." *Howell*, 227 F.3d 672, 678 (6th Cir. 2000).

In the present case, Plaintiff's claim seeks relief ERISA does not provide in her request for a finding on distributed plan proceeds. There is nothing in the operative statute, 29 U.S.C. § 1132(a)(l)(b), that allows Plaintiff to leverage ERISA as a means to decide the disposition of former 401(k) Plan proceeds after distribution. Because ERISA does not authorize such relief, Plaintiff has failed to state a claim upon which relief can be granted, and the Complaint must be dismissed pursuant to Rule 12(b)(6).

**III.    CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety for lack of subject-matter jurisdiction and, in the alternative, for failure to state a claim upon which relief can be granted.

Respectfully submitted,

*/s/ Sommer L. Sheely* _____
Sommer L. Sheely (0076071)
Griffen H. Hess (0104833)
BRICKER GRAYDON WYATT LLP
100 S. Third Street
Columbus, Ohio 43215
Telephone: (614) 227-2300
Facsimile: (614) 227-2390
Email: ssheely@bricker.com
ghess@bricker.com

*Counsel for Defendants Brittany Manitakos and Andrew Boughey*

25448197v3

## CERTIFICATE OF SERVICE

This is to certify that on February 9, 2026, a copy of the foregoing *Motion to Dismiss* was served by the Court's electronic filing system on all counsel of record.

*/s/ Sommer L. Sheely*
Sommer L. Sheely (0076071)

25039417